NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

RICHARD NUNN, PETITIONER, v. M. & N. TRUCKING AND FORWARDING COMPANY, INCORPORATED, RESPONDENT.

For the petitioner, *Louis Hoberman.*

For the respondent, *McCarter & English.*

A formal petition for compensation having been filed by the petitioner in the above-entitled cause, to which an answer was thereafter filed by the respondent, and the matter coming on in due course to be heard before this court at Jersey City, and a basis for settlement of this case having been agreed upon by and between the petitioner, his attorney, Louis Hoberman, and the respondent and its attorneys, and said basis of settlement having been presented to this court and the testimony of the petitioner having been taken and heard in open court as well as the testimony of Dr. Londrigan, an

impartial physician agreed upon between the petitioner and the respondent, it is found and determined from the said testimony and from the stipulated facts as follows:

Petitioner alleges that he sustained an accident arising out of and in the course of his employment with respondent on February 21st, 1928. He says that at the time he was employed by the respondent as a foreman and was operating an automobile at the time of the accident, and while so engaged the automobile which the petitioner was operating collided with another automobile. He alleges that as a result of the said accident he sustained serious permanent injuries. He alleges that he received a contusion of the right knee cap, right hip, right arm and contusions of the head and a fracture of the nose. He claims that he suffers from loss of sleep, that his breathing is impaired by reason of the fracture to his nose, and he suffers from loss of smell and is afflicted with nervous disturbances. The petitioner claims fifty per cent. permanent disability of the nose.

Respondent denies that the contusions of the right knee cap, right hip, right arm, contusions of the head, fracture of the nose, loss of sleep, stoppage of breathing and nervous disturbances are the result of an accident arising out of and in the course of petitioner's employment with respondent, but the respondent takes all injuries, diseases, and any and all other conditions of petitioner into consideration, including any and all ultimate results of any and all of the various diseases, injuries and conditions of the petitioner, and basing the settlement not only on petitioner's present condition but on any and all developments in his condition of any nature whatsoever which may be by him or by doctors alleged to be results of his alleged accident, either directly or by way of aggravation, is willing to settle the entire matter for two weeks' temporary disability at $17 a week and twelve and one-half weeks' partial permanent disability at the rate of $17 a week. Respondent also agrees to pay a counsel fee of $50 awarded to the attorney for the petitioner and $55 for medical services rendered.

![redacted]

From the testimony and the facts stipulated, the settlement is fair to both sides and is approved by this court on the distinct understanding of the petitioner and his attorney and the respondent and its attorneys, that a fundamental element of the settlement is the fact that any future or further disturbances resulting in an increase of disability to the petitioner are taken into consideration and are in a large measure the reason for the respondent's willingness to agree to this settlement.

\*      \*      \*      \*      \*      \*      \*

CHARLES E. CORBIN,
*Deputy Commissioner.*